**Michael J. Estok** OSB #090748
Email: mestok@lindsayhart.com
LINDSAY HART, LLP
1300 SW Fifth Avenue, Suite 3400
Portland, Oregon 97201-5640
Phone: 503-226-7677

**Christopher J. Kaufman** *(Pro Hac Vice)*
Email: ckaufman@shb.com
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Phone: 816-474-6550
Facsimile: 816-421-5547

Attorneys for Defendants
*Sanofi-Aventis U.S. LLC and*
*Sanofi U.S. Services Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PAULA ALO, | Case No. 1:23-cv-01557-AA |
| Plaintiff, | |
| v. | **PROPOSED JOINT DISCOVERY PLAN** |
| SANOFI-AVENTIS U.S. LLC ; SANOFI U.S. SERVICES INC. | |
| Defendants. | |

Pursuant to this Court's Order to confer and submit a proposed joint discovery plan, the parties jointly submit the following proposed discovery plan:

I. **Pleadings**

   A. Plaintiff may file a motion for leave to amend her complaint three weeks following the court's entry of its decision on Sanofi's Rule 12(c) motions in the *Larsen* and *Sledge* cases. Sanofi's counsel shall immediately notify plaintiff's counsel upon entry of the court's decision.

   B. Defendant's opposition to Plaintiff's motion for leave to amend shall be due two weeks after the motion for leave to amend is filed.

   C. Plaintiffs' reply brief regarding Plaintiff's motion for leave to amend shall be due two weeks after Defendants' opposition is filed.

II. **Initial Disclosures**

   A. The parties' practice in the MDL was to forego Rule 26(a)(1) initial disclosures. The parties agree to follow the MDL practice to forgo Rule 26(a)(1) initial disclosures here.

III. **MDL Protective Order, ESI Orders, and Authorizations**

   A. The parties agree to comply with the following orders entered by the MDL court that were designated as part of the record in this case: (1) Protective Order, (2) Electronically Stored Information ("ESI") Protocol, and (3) Pretrial Order Governing Plaintiffs' Responsibilities Relevant to ESI. *See* ECF No. 9, Ex. B, No. 11 ("Protective Order"); ECF No. 9, Ex. B, No. 10 ("ESI Protocol"); ECF No. 9, Ex. B, No. 18 ("Pretrial Order No. 71A – Governing Plaintiff's Responsibilities Relevant to ESI").

   B. Consistent with the practice in the MDL, Plaintiff agrees to provide updated records authorizations for the collection of hard copy and/or electronically stored records using the authorization forms approved by the MDL court and allowing for the collection of records five years prior to Plaintiff's Taxotere treatment through present day.

**IV. Fact Discovery**

    **A.** Close of Fact Discovery: October 4, 2024

    **B.** Each party is limited to ten (10) case-specific requests for production, ten (10) case-specific interrogatories, and ten (10) case-specific requests for admission, absent leave of court.

    **C.** The parties agree to comply with the terms of the Deposition Protocol entered in the MDL, including PTO 70B.

    **D.** General MDL discovery directed at Sanofi—which resulted in the production of 43 corporate custodial files comprising more than 500,000 documents (6.3 million pages), 39 total depositions of 28 witnesses (including nine 30(b)(6) depositions), and responses to more than 160 written discovery requests—concluded on December 15, 2018. *See* ECF No. 10 at 80. While this body of general discovery remains available to plaintiffs for use in cases remanded from MDL 2740, no additional general discovery against Sanofi shall be permitted post-remand. *Id.* at 116-117 ("Because all general fact and expert discovery has been completed in the MDL, the courts receiving these cases need not be concerned with facilitating general expert, corporate, and third-party discovery."). Plaintiff maintains her right to request leave of court to conduct further discovery.

**V. Punitive Damages Discovery**

    **A.** <u>Plaintiff's Position</u>: Plaintiff may seek punitive damages discovery if the court grants plaintiff's motion to amend her complaint to allege punitive damages.

    **B.** <u>Sanofi's Position</u>: The Second Amended MDL Master Complaint alleged punitive damages on behalf of *all plaintiffs*. ECF No. 9, Ex. D at 342, ¶ 320 (requesting "punitive or exemplary damages according to proof"). General discovery directed at Sanofi in the MDL, including punitive damages discovery, concluded in December 15, 2018, and was conducted for the benefit of *all MDL plaintiffs* regardless of the applicable law in a given plaintiff's case. *See* ECF No. 10 at 79-80 ("The deadline for general discovery against Sanofi expired on December 15, 2018. The Court has denied additional general discovery requests since that time."). The MDL

court excluded punitive damages evidence in MDL bellwether trials because Louisiana law (which applied in both trial cases) precluded the admissibility of such evidence in those trials—but, to be excluded, such evidence had to have been subject to discovery. *See* ECF No. 10 at 116, 126. Such discovery also constitutes an impermissible re-opening of corporate discovery on Sanofi that is precluded by the Transfer Order (as opposed to case-specific discovery that is permitted in this case post-remand). *Id.* at p. 116-117. For these reasons, Sanofi opposes Plaintiff's request for punitive damages discovery.

VI. **Case Specific ADR**

    A. The parties shall engage in case-specific ADR using an agreed upon mediator or the services of a District of Oregon Judge or Magistrate Judge to occur on or before August 30, 2024.

VII. **Expert Discovery**

    A. Plaintiff's Position:

- The parties shall simultaneously submit expert disclosures to each other on November 25, 2024.
- The parties shall simultaneously submit rebuttal expert disclosures to each other on February 10, 2025.
- All expert depositions shall be conducted within 10 calendar days. Defendant shall depose plaintiff's experts first and expert depositions shall be concluded by May 19, 2025.
- Sanofi has the benefit of extensive pretrial expert discovery and trial presentation of expert witnesses. Simultaneous exchange of expert reports and near simultaneous expert depositions is not burdensome.
- Because this case is like any other personal injury product liability litigation, Sanofi will learn the basis of plaintiff's medical diagnosis at the time of expert discovery.
-

**B.** <u>Sanofi's Position:</u> In the MDL, the parties engaged in staggered expert disclosures and expert depositions whereby Plaintiff's expert disclosures and depositions of Plaintiff's experts occurred before Defendants' expert disclosures and depositions of Defendants' experts. That is because unlike almost any other personal injury product liability litigation, plaintiffs in these cases have not come forward with a medical diagnosis of the alleged injury. This practice therefore promotes efficiency and serves to narrow the issues in dispute given that (1) Plaintiff carries the burden of proof, (2) Defendants' experts are positioned to respond to Plaintiff's expert opinions in a single expert report, and (3) it is not unduly onerous for plaintiffs to come forward with medical corroboration of their claimed injury and its cause before Sanofi incurs case-specific expert costs. As such, Defendants propose the following deadlines:

- Plaintiff's Expert Disclosures: March 17, 2025
- Completion of Plaintiff's Expert Depositions: June 18, 2025
- Defendants' Expert Disclosures: April 14, 2025
- Completion of Defendants' Expert Depositions: July 18, 2025
- Plaintiff's Rebuttal Expert Disclosures: May 12, 2025
- Completion of Plaintiff's Expert Depositions: June 18, 2025

**VIII.** *Daubert* **and Summary Judgement Motions**

**A.** *Daubert* Motions and Motions for Summary Judgment: September 15, 2025

**B.** Oppositions briefs: October 31, 2025

**C.** Reply briefs: November 28, 2025

Dated this 9th day of February, 2024.

        LINDSAY HART, LLP

        By: /s/ *Michael J. Estok*
           Michael J. Estok, OSB No. 090748
           mestok@lindsayhart.com

        SHOOK, HARDY & BACON, L.L.P.
           Christopher J. Kaufman (*Pro Hac Vice*)
           ckafuman@shb.com
        Attorneys for Sanofi Defendants